The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
This is in response to your request for an opinion regarding the power of a local housing authority to enter into a line of credit loan arrangement with a bank. You state that the purpose of the line of credit would be to alleviate a temporary cash shortfall that develops due to a mismatch between cash receipts and required expenditures during a fiscal year. You indicate that the line of credit would be used for regular operations and would be repaid with the next received revenues during the fiscal year. You also state that the line would likely be unsecured, although a pledge of revenues for the fiscal year might be taken. You have requested an opinion on the permissibility of this proposed transaction.
It is my opinion that the power to borrow funds in this manner, although not expressly set out in the Arkansas Housing Authorities Act or the several other housing authority sections of the Arkansas Code, may be reasonably implied under those laws.See A.C.A. §§ 14-169-101 et seq. (1987 and Cum. Supp. 1991). The Arkansas Supreme Court in the case of Kerr v. EastCentral Arkansas Regional Housing Authority, 208 Ark. 625,187 S.W.2d 189 (1945), noted that a housing authority established under Act 298 of 1937 (A.C.A. §§ 14-169-201 to -240, known as the Housing Authorities Act) is given broad powers. 208 Ark. at 626. The court noted that a housing authority "may sue and be sued, and it may perform such duties as are necessary to administration of the purposes expressed in the statute, or that may be appropriately implied." Id. A housing authority is, in accordance with A.C.A. § 14-169-211 (1987), a "public body corporate and politic" that has "all the powers necessary or convenient to carry out and effectuate the purposes and provisions of [the Housing Authorities Act]. . . ." Its specific powers include the authority to "make and execute contracts and other instruments necessary or convenient to the exercise of [its] powers." A.C.A. § 14-169-211(4).
It is my opinion that these statutory powers in all likelihood include the power to enter into this proposed transaction.[1] Because, however, consideration must also be given to any requirements or restrictions under federal law, I cannot offer a conclusive response to your question. It is my understanding that the outcome may be impacted by the "Annual Contributions Contract" entered between the Authority and the Department of Housing and Urban Development ("HUD"). I cannot construe that agreement or make any pronouncements concerning the impact of the federal law. I suggest that the HUD office be contacted for a determination in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] You have indicated that any sums borrowed would be repaid with revenues for the fiscal year, and the Arkansas Supreme Court has consistently held that obligations paid exclusively from the revenues of the agency issuing them are not municipal debts within the constitutional provisions regulating the issuance of interest bearing evidences of indebtedness or the loan of municipal credit. See, e.g., Hogue v. The Housing Authority ofNorth Little Rock, 201 Ark. 263, 271, 144 S.W.2d 49 (1940).See also generally Murphy v. Epes, 283 Ark. 517, 522-523,678 S.W.2d 352 (1984). It thus appears that there is no constitutional prohibition against such a transaction.